IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SKANDINAVISKA ENSKILDA BANKEN AB (publ), CITIBANK N.A., LONDON BRANCH, UNICREDIT BANK AG, BNP PARIBAS and NIBC BANK N.V.,<br><br>  Plaintiffs,<br><br>v.<br><br>M/V DILOS, IMO No. 9711535, her engines, boilers, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*; and DILOS II SPECIAL MARITIME ENTERPRISE, *in personam*,<br><br>  Defendants. | Civil Action No. _____<br><br>Filed under Admiralty Rule 9(h)<br><br>(ADMIRALTY) |

## PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT

Plaintiffs Skandinaviska Enskilda Banken AB (publ), Citibank N.A., London Branch, Unicredit Bank AG, BNP Paribas and NIBC Bank N.V. (collectively, "**Lenders/Mortgagees**") file this Original Verified Complaint against Defendants, M/V DILOS, IMO No. 9711535, her engines, boilers, apparel, furniture, equipment, appurtenances, tackle, etc., (hereinafter the "**M/V DILOS**") *in rem*, and Dilos II Special Maritime Enterprise (hereinafter "**Dilos Owner**"), *in personam*, alleging as follows:

### I.    INTRODUCTION

1. This is a vessel mortgage foreclosure action pursuant to the Commercial Instruments and Maritime Liens Act 46 U.S.C. § 31301, *et seq.* ("**CIMLA**") and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("**Supplemental Rules**").

1

2. Defendants have defaulted on a loan facilities agreement and a preferred mortgage on the M/V DILOS. "On default of any term of the preferred mortgage, the mortgagee may . . . enforce the preferred mortgage lien in a civil action in rem for a . . . foreign vessel." 46 U.S.C. § 31325(b)(1). Accordingly, Lenders/Mortgagees commence this action to enforce the preferred mortgage on the M/V DILOS.

## II.  JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31325(c) in that this action is an admiralty and maritime claim within the meaning of Supplemental Rule 9(h) and is brought for a breach of a loan facilities agreement and the enforcement of a preferred ship mortgage under CIMLA.

4. This Court has jurisdiction to authorize the arrest of the M/V DILOS pursuant to Supplemental Rule C.  The M/V DILOS is within the jurisdiction of this Court because she is or will during the pendency of this action be present within the Southern District of Texas and subject to arrest to enforce Lenders/Mortgagees' maritime lien in accordance with CIMLA (46 U.S.C. §§ 31325 and 31326) and Rule C of the Supplemental Rules.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.  PARTIES

6. Skandinaviska Enskilda Banken AB ("**SEB**") is a bank duly incorporated and existing under the laws of Sweden, with its registered office at Kungstradgardsgatan 8, SE-106 40 Stockholm, Sweden.  SEB is a lender under the relevant loan facilities agreement and a mortgagee under the preferred mortgage on the M/V DILOS.  SEB is also the arranger, agent, and security agent under the relevant loan facilities agreement.

7. Citibank N.A. ("**Citibank**") is a bank duly incorporated and existing under the laws of the United States of America acting through its London Branch office at Canada Square Canary

Wharf, London E14 5LB, United Kingdom. Citibank is a lender under the relevant loan facilities agreement and a mortgagee under preferred mortgage on the M/V DILOS.

8. Unicredit Bank AG ("**Unicredit**") is a bank duly incorporated and existing under the laws of Germany, with its registered office at Kardinal-Faulhauber-Strasse 1, 80333 Munich, Germany. Unicredit is a lender under the relevant loan facilities agreement and a mortgagee under preferred mortgage on the M/V DILOS.

9. BNP Paribas ("**BNP**") is a bank duly incorporated and existing under the laws of France, with its registered office at 16 Boulevard des Italiens, 75009 Paris, France. BNP is a lender under the relevant loan facilities agreement and a mortgagee under preferred mortgage on the M/V DILOS.

10. NIBC Bank N.V. ("**NIBC**") is a bank duly incorporated and existing under the laws of The Netherlands acting through its office at The Hague, Carnegieplein 4, 2517 KJ, the Netherlands. NIBC is a lender under the relevant loan facilities agreement and a mortgagee under preferred mortgage on the M/V DILOS.

11. *In rem defendant* M/V DILOS is a 2015 built LPG tanker with a gross tonnage of 13,794 tons and registered to Dilos Owner under the laws and flag of the Hellenic Republic. She is or will soon be present within the Southern District of Texas.

12. *In personam defendant* Dilos Owner is a Greek corporation with its registered office and principal place of business at 62 Iroon Polytechneiou Avenue, 18535 Piraeus, Greece. Dilos Owner is the owner of the M/V DILOS and a borrower under the relevant loan facilities agreement. Dilos Owner has granted, as security for the relevant loan facilities agreement, a First Preferred Greek Ship Mortgage on the M/V DILOS to the Lenders/Mortgagees. Dilos Owner has

consented, via the relevant loan facilities agreement and mortgage, to being served legal process via Eletson Maritime Limited, 3 Crane Court, Fleet Street, London, EC4A 2EJ.

## IV.     BACKGROUND FACTS

### A.     Dilos Owner and other Obligors enter into the Facilities Agreement.

13.     Dilos Owner and certain other non-parties, as borrowers and guarantors (collectively, including Dilos Owner, the "**Obligors**"), and Lenders/Mortgagees are parties to a Facilities Agreement dated June 24, 2014, as amended and supplemented by Side Letters dated November 3, 2014, November 12, 2014 and June 19, 2015, a Supplemental Agreement dated July 17, 2015, a Second Supplemental Agreement dated January 14, 2016, a Side Letter dated September 29, 2016, a Third Supplemental Agreement dated July 18, 2018, and as otherwise amended and supplemented from time to time (collectively the "**Facilities Agreement**," attached hereto *in globo* as **Exhibit 1** and incorporated herein by reference), for a secured loan facility of up to $254,179,500 to finance the acquisition of several vessels, including the M/V DILOS.

14.     The Obligors include the following: (a) Samothraki II Shipping Corporation, Shinoussa II Shipping Corporation, Astipalea Special Maritime Enterprise, Othoni Special Maritime Enterprise, Paros Special Maritime Enterprise, Kithnos Special Maritime Enterprise and Dilos Owner as joint and several borrowers; and (b) Eletson Gas LLC as Guarantor ("**Guarantor**").

15.     The other vessels financed via the Facilities Agreement, in addition to the M/V DILOS, are the M/V KITHNOS, M/V OTHONI, M/V PAROS, and the M/V ASTIPALEA (collectively, the "**Mortgaged Vessels**").

**B.     The Facilities Agreement is secured by a First Preferred Greek Mortgage over M/V DILOS and the other Mortgaged Vessels.**

16.     The Facilities Agreement is secured by a First Preferred Greek Mortgage over each of the five (5) Mortgaged Vessels.

17.     The First Preferred Greek Mortgage over the M/V DILOS was executed between Dilos Owner and the Lenders/Mortgagees on March 31, 2016 (together with the August 3, 2018 addendum, the "**DILOS Mortgage**").  A true and correct copy of the DILOS Mortgage, including its certified translation, is attached hereto as **Exhibit 2** and is incorporated by reference. The DILOS Mortgage initially secured indebtedness up to $330,433,350, but was later amended to secure indebtedness up to $162,029,198.50.

18.     The DILOS Mortgage was duly recorded at Piraeus Central Maritime Police Ship Registry and Marine Bottomry Department.  A true and correct copy of the Certificate of Ownership and Encumbrance showing the recording of the DILOS Mortgage and a certified English translation thereof is attached hereto as **Exhibit 3** and fully incorporated herein.

19.     The DILOS Mortgage constitutes a valid and perfected foreign-preferred mortgage on the M/V DILOS within the meaning of CIMLA.

20.     Clause 4.1.1 of the DILOS Mortgage explains that Dilos Owner "HEREBY GRANTS to the [Lenders/]Mortgagees a First Preferred Mortgage on the [M/V DILOS] . . . for the enforcement of the payment of the Secured Obligations and to secure the performance and observance of and compliance with the covenants, terms and conditions contained in this Mortgage and the Facilities Agreement, express or implied." (emphasis in original).  Clause 3.1 of the DILOS Mortgage further explains that "Secured Obligations" include the obligation to "pay with the other [Joint and Several] Borrowers all money from time to time owing, and to discharge all other

obligations from time to time incurred, under or in connection with the Facilities Agreement." Stated simply, the DILOS Mortgage secured all obligations under the Facilities Agreement.

21. Clause 8.1 of the DILOS Mortgage identifies several Events of Default and further instructs that if such an event occurs the "the security created by this Mortgage shall become immediately enforceable[.]" Relevant here, an Event of Default occurs if Dilos Owner or another Obligor does not comply with any provision of the Facilities Agreement or the mortgages on any of the five vessels, including if it does not pay on the due date any amount payable at the place at and in the currency in which it is expressed to be payable.

22. Clause 9.1 of the DILOS Mortgage identifies several remedies available to Lenders/Mortgagees if an Event of Default occurs. "Upon the occurrence of any of the Events of Default listed in Clause 8.1 the security created by this Mortgage shall become immediately enforceable and the [Lenders/Mortgagees] shall become forthwith entitled by notice given to the [Dilos] Owner in accordance with the provisions of clause 29.22 *(Acceleration)* of the Facilities Agreement, to declare the Secured Obligations to be due and payable immediately or in accordance with such notice whereupon the Secured Obligations shall become so due and payable and . . . the [Lenders/]Mortgagees shall become forthwith entitled . . . to enforce this Mortgage and to put into force and exercise all or any of the rights, powers and remedies possessed by them as mortgagees of the Ship or otherwise[.]" Clause 9.1 proceeds to recite a list of non-exhaustive and non-exclusive remedies, including the right to take possession of the M/V DILOS, discharge any cargo or equipment, and sell her at public or private auction.

    **C.**    **Dilos Owner and Obligors commit Events of Default triggering acceleration of loan amount.**

23. As fully set forth below, the Obligors, including Dilos Owner, committed multiple breaches of the Facilities Agreements and related mortgages, triggering multiple Events of Default:

A. The Obligors failed to pay the following amounts of principal and interest on the relevant due date and such failures constitute Events of Default under Clause 29.1 of the Facilities Agreement and Clause 8.1 of the DILOS Mortgage:

i) payment of principal of $493,600.00 for M/V KITHNOS due on October 21, 2019, but not paid on that due date;

ii) payment of principal of $493,600.00 for M/V OTHONI due on October 22, 2019, but not paid on that due date;

iii) payment of principal of $493,600,00 for M/V PAROS due on November 20, 2019, but not paid on that due date;

iv) payment of principal of $493,600.00 and interest of $301,061.73 for M/V ASTIPALEA due on March 23, 2020, but not paid on that due date;

v) payment of principal of $493,600.00 and interest of $319,440.57 for M/V DILOS due on March 31, 2020, but not paid on that due date.

B. A security interest (other than a permitted lien) became enforceable, thus constituting an Event of Default under Clause 29.17 of the Facilities Agreement and Clause 8.1 of the DILOS Mortgage.

C. Guarantor breached Clause 21.18 of the Facilities Agreement by failing to maintain the required credit balance of not less than $8,415,888.63 in the earnings account of Othoni Special Maritime Enterprise from May 1, 2019 onwards. Furthermore, the credit balance was reduced by the exercise of the Lenders/Mortgagees rights under the security documents resulting in an application of various amounts against principal, interest and costs, which remained unpaid by Obligors at the time. Such shortfall and breach continued unremedied for more than 30 days despite prior notices to Obligors, and therefore constitute an Event of Default under Clause 29.5 of the Facilities Agreement and Clause 8.1 of the DILOS Mortgage.

D. The Obligors breached Clause 27.1 of the Facilities Agreement by failing to pay all earnings of the Mortgaged Vessels to the respective ship's earnings account. Presumably, these amounts were expended by the Obligors and accordingly such breach is not capable of remedy. Regardless, such breach has not been remedied. Such failure constitutes an Event of Default under Clause 29.5 of the Facilities Agreement and Clause 8.1 of the DILOS Mortgage.

E. As admitted by the Obligors in prior correspondence, the Obligors committed multiple breaches of Clause 29.2 of the Facilities Agreement and Clause 8.1 of the DILOS Mortgage because at the end of the measurement periods ending on March 31, 2019, June 30, 2019 and September 30, 2019:

i. contrary to Clause 20.2(a) of the Facilities Agreement, the ratio of (i) EBITDA to (ii) Interest Expense was lower than 3.0:1.0;

        ii.     contrary to Clause 20.2(b) of the Facilities Agreement, the ratio of (i) EBITDA to (ii) Total Debt Service was lower than 1.0;1.0;

        iii.    contrary to Clause 20.2(c) of the Facilities Agreement, the ratio of consolidated debt to total assets was greater than the maximum required ration of 0.75:1.00; and

        iv     contrary to Clause 20.2(d) of the Facilities Agreement, the cash and cash equivalents were less than the minimum required amounts for measurement periods ending March 31, 2019, June 30, 2019, September 30, 2019 and December 31, 2019.

    F.    Upon information and belief, Obligors have breached Clause 27.1 of the Facilities Agreement.

24. On April 17, 2020, SEB, on behalf of all Lenders/Mortgagees, sent an acceleration notice under Clause 29.22 of the Facilities Agreement to the Obligors, including Dilos Owner, outlining the foregoing breaches committed by the Obligors (the "**Acceleration Notice**"). A true and correct copy of the Acceleration Notice is attached hereto as **Exhibit 4** and is fully incorporated herein.

25. The breaches constituted Events of Default pursuant to Clauses 27.1, 29.1, 29.2, 29.5, and/or 29.17 of the Facilities Agreement and Clause 8.1 of the DILOS Mortgage. Accordingly, SEB, on behalf of all Lenders/Mortgagees, took the following action and notified Obligors, including Dilos Owner, of same in the Acceleration Notice:

    A) declared that the entire loan, together with account interest was immediately due and payable;

    B) demanded immediate payment of $118,021,778.68 then due;

    C) declared that failing immediate payment of the $118,021,778.68, Lenders/Mortgagees were "entitled without future notice to exercise all or any of their rights, however arising." *See* Exhibit 4, p. 4.

    **D.**    **Dilos Owner and Obligors enter into Standstill Agreement, but fail to satisfy the conditions thereof.**

26. On August 19, 2020, the Obligors, including Dilos Owner, and Lenders/Mortgagees entered into a standstill agreement (the "**Standstill Agreement**") under

8

which a postponement of measures was agreed until October 31, 2020 and under certain conditions to allow Obligors the opportunity to secure new financing and to pay Lenders/Mortgagees all owed amounts. A copy of this agreement is attached hereto as **Exhibit 5** and is fully incorporated herein.

27. Under the Standstill Agreement, Obligors acknowledged that they "have failed to pay the outstanding principal amount . . . interest thereon and all other amounts owing . . . as required by the Acceleration Notice" and that at the time of the Standstill Agreement a total of $115,999,845 of principal and $2,379,693.74 of interest was due and owed. Exhibit 5, ¶ 4.

28. Under the Standstill Agreement, Obligors acknowledged that Lenders/Mortgagees "have not waived the Events of Default specified in the Acceleration Notice nor any other Events of Default which may have occurred." *Id.*, ¶ 3.

29. Obligors breached the Standstill Agreement in the following respects and the following conditions failed to occur:

    A. Obligors failed to provide, by September 30, 2020, evidence of a signed and committed term sheet with third party financial institutions for the refinancing in full of all amounts owed under the Facilities Agreement;

    B. Obligors did not pay the amount of $327,953.26 in respect of the M/V KITHNOS when due on 19 October 2020 (of which $150,000 was subsequently paid by the Obligors on 29 October 2020);

    C. Obligors did not make a payment of interest in the amount of $316,821.30 in respect of the M/V OTHONI when due on October 22, 2020; and

    D. Obligors failed to repay in full the loan amount, interest thereon and all other amounts owing by the Obligors under the Facilities Agreement by no later than October 31, 2020.

30. Accordingly, on November 2, 2020, SEB, on behalf of Lenders/Mortgagees, sent a letter to the Obligors, including Dilos Owner, advising of the foregoing breaches and further advising that the standstill period was terminated and the foreclosure was revived ("**Termination of Standstill**"). SEB advised the Obligors that Lenders/Mortgagees were entitled to take any and all steps to enforce their rights under the Facilities Agreements and Vessel Mortgages. A copy of the Termination of Standstill letter is attached hereto as **Exhibit 6** and fully incorporated herein.

31. Subsequently, Obligors made other failed attempts to secure new financing. On January 19, 2021, SEB, on behalf of Lenders/Mortgagees, sent a letter to the Obligors, including Dilos Owner, that Obligors' incomplete refinancing proposals would leave a substantial funding gap and were therefore rejected. SEB once again advised that the Lenders/Mortgagees were entitled to take any steps to enforce their rights under the Facilities Agreement and Vessel Mortgages. A copy of the January 19, 2021 letter is attached hereto as **Exhibit 7** and fully incorporated herein.

32. As of September 30, 2021, the outstanding sum due from Obligors under the Facilities Agreements and Vessel Mortgages, including the DILOS Mortgage, is over $116,864,404.58 plus other interest and costs. The Obligors, including Dilos Owner, have failed to fulfill their obligations under the Facilities Agreement and Vessel Mortgages, including the DILOS Mortgage, and are in default.

33. The DILOS Mortgage prescribes that any breach of the Facilities Agreement or Vessel Mortgages by any Obligor constitutes an Event of Default under the DILOS Mortgage. Accordingly, Lenders/Mortgagees seek to exercise their security interest and foreclose on the DILOS Mortgage.

## FORECLOSURE OF PREFERRED SHIP MORTGAGE
## AND FOR DEFICIENCY JUDGMENT

34. Plaintiffs sue the M/V DILOS, her engines, tackle, auxillary vessels, equipment, furniture, rigging, appurtenances, etc, *in rem*, and Dilos Owner, *in personam*, and repeat and reallege by reference the allegations contained in paragraphs 1-33 as if specifically set forth herein.

35. Dilos Owner has failed to perform its obligations under the Facilities Agreement and the DILOS Mortgage and is in default for failure to pay the sum currently outstanding, due and owing to plaintiffs, which is in excess of USD $116,864,404.58.

36. As a result of the aforesaid defaults under the Facilities Agreement and the DILOS Mortgage, Lenders/Mortgagees are entitled to assert and foreclose their preferred mortgage lien on the M/V DILOS and recover any deficiency from Dilos Owner.

37. Lenders/Mortgagees expressly preserve and do not waive any other rights against any Obligor or Mortgaged Vessel.

38. Prior to commencement of this action, all acts and things required to be done were accomplished in order to constitute the DILOS Mortgage as a preferred ship mortgage within the meaning of CIMLA.

39. By this action, Lenders/Mortgagees claim and seek to enforce their preferred maritime lien, under 46 U.S.C. §§ 31325 and 31326 and Rule C, and to recover the sums due, including any deficiencies, from M/V DILOS and Dilos Owner.

WHEREFORE, Plaintiffs request the following:

A) The process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against the M/V DILOS, citing it and all persons claiming any interest in the vessel to appear and answer under oath all, and singular, the matters, alleged in the Verified Complaint;

B) That a warrant for the arrest of the M/V DILOS be issued and that the M/V DILOS be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the M/V DILOS, her engines, apparel, furniture,

equipment, appurtenances, tackle, etc., *in rem;*

C) That judgment be issued against the M/V DILOS, *in rem,* in the full amount due under the Facilities Agreement, the DILOS Mortgage and any other agreements related thereto, plus interest, charges, *custodia legis* expenses, disbursements, costs and attorneys' fees;

D) That the M/V DILOS, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Lenders/Mortgagees out of the proceeds of the sale, the full amount of their claim, together with interest, costs and attorneys' fees.

E) That the preferred ship mortgage (the DILOS Mortgage) be declared to give rise to a valid preferred maritime lien on the M/V DILOS and declared prior and superior to all other interests, liens, or claims against the M/V DILOS;

F) That judgment be issued against Dilos Owner, *in personam,* in the full amount due under the Facilities Agreement, the DILOS Mortgage and any other agreements related thereto, plus interest, charges, *custodia legis* expenses, disbursements, costs and attorneys' fees;

G) That Lenders/Mortgagees reserve their rights and remedies generally under the Facilities Agreement and related security documents executed in connection with the Facilities Agreement, including their rights and remedies against the other Mortgaged Vessels, and their rights to proceed against other Obligors for any deficiency that may remain due after applying the available proceeds of the sale of the M/V DILOS to the judgment herein; and,

H) That Lenders/Mortgagees receive all such other relief in law and equity as may be just and proper.

| | |
|---|---|
| DATE: October 22, 2021 | Respectfully submitted,<br><br>NORTON ROSE FULBRIGHT US LLP<br><br>By */s/* Utsav Mathur<br>Utsav Mathur<br>State Bar No.  24078943<br>Federal I.D. No. 1357467<br>utsav.mathur@nortonrosefulbright.com<br>1301 McKinney, Suite 5100<br>Houston, TX  77010-3095<br>Telephone:    (713) 651-5151<br>Facsimile:    (713) 651-5246<br>*Lead Attorney for Plaintiffs* |

OF COUNSEL:
Julie Pateman Ward
julie.ward@nortonrosefulbright.com
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019
Tel.:    (212) 318-3000
Fax:    (212) 318-3400